IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Nel Steffens, Deputy Clerk                                   Date: October 5, 2007
Therese Lindblom, Court Reporter
Michelle Means, Probation Officer

Criminal Action No. 06–cr–00455–EWN

*Parties:*                                                              *Counsel:*

UNITED STATES OF AMERICA,                          Kenneth Harmon

     Plaintiff,

v.

1.  JOSEPH A. FERONA, JR.,                              Virginia Grady

     Defendant.

---

# SENTENCING MINUTES

**9:29 a.m.**     Court in session.

Appearances of counsel. Also seated at Government's table is U.S. Postal Inspector JoJan Henderson and FBI Special Agent Peter Hunker.

**Defendant pled guilty on June 8, 2007, to Count 8 of the Indictment.**

Discussion regarding Defendant's motion for scheduled restitution, #36.

Argument by Mr. Harmon.

Statement by Julie Haynes, counsel for twenty-eight investors in the Douglas County case.

Argument by Ms. Grady.

*Sentencing Minutes*
*06-cr-00455-EWN*
*Chief Judge Edward W. Nottingham*
*Page 2 of 4*

**9:54 a.m.**      Government's witness, Donald J. Busi, called and sworn.

Direct examination by Mr. Harmon; statement by Mr. Busi.

**9:58 a.m.**      Cross examination by Ms. Grady.

**10:00 a.m.**     Witness is excused.

**10:00 a.m.**     Government's witness, Calvin Cooper, called and sworn.

Direct examination by Mr. Harmon; statement by Mr. Cooper.

**10:05 a.m.**     Cross examination by Ms. Grady.

**10:06 a.m.**     Witness is excused.

**10:06 a.m.**     Government's witness, Charles J. Halda, called and sworn.

Direct examination by Mr. Harmon; statement by Mr. Halda.

**10:13 a.m.**     Witness is excused.

**10:13 a.m.**     Government's witness, Steven F. Gatscet, called and sworn.

Direct examination by Mr. Harmon; statement by Mr. Gatscet.

**10:18 a.m.**     Witness is excused.

**10:18 a.m.**     Government's witness, Byron Starnes, called and sworn.

Direct examination by Mr. Harmon; statement by Mr. Starnes.

**10:21 a.m.**     Cross examination by Ms. Grady.

**10:22 a.m.**     Witness is excused.

Mitigation statement by Ms. Grady.

Statement by Defendant.

*Sentencing Minutes*
*06-cr-00455-EWN*
*Chief Judge Edward W. Nottingham*
*Page 3 of 4*

Statement by Mr. Harmon.

Court's findings.

**ORDERED: 1.**     **No fine is imposed.**

**ORDERED: 2.**     **Defendant is imprisoned for a term of seventy months.**

The court recommends FCI Bastrop as the place of incarceration.

**ORDERED: 3.**     **Upon release from imprisonment, defendant shall be placed on supervised release for a period of three years.**

**ORDERED: 4.**     **Within seventy-two hours of his release from the custody of the Bureau of Prisons, defendant will report in person to the probation office in the district in which he is released.**

**ORDERED: 5.**     **Conditions of supervised release are:**

    a.     **Defendant is to observe all of the standard conditions of supervised release.**

    b.     **Defendant is not to possess any firearm, destructive device or any other dangerous weapon as defined by federal or state statute.**

    c.     **Defendant is not to illegally possess or use controlled substances.**

    d.     **The drug testing condition is suspended.**

    e.     **Defendant is not to commit a federal, state, or local crime.**

    f.     **Defendant shall cooperate in the collection of DNA as directed by the probation officer.**

    g.     **Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless he is in compliance with all periodic payment**

*Sentencing Minutes*
*06-cr-00455-EWN*
*Chief Judge Edward W. Nottingham*
*Page 4 of 4*

                                **obligations imposed pursuant to the court's judgment and sentence.**

**ORDERED: 6.**   **Defendant shall make restitution payments in the total amount of $2,172,783.13.  It is to be satisfied no later than when the term of supervision expires.  It is due and payable during the term of incarceration.  Any unpaid balance is to be paid during the term of supervision in either a lump sum or in equal monthly installments, commencing within thirty days of release from a term of imprisonment to a term of supervised release.  The interest requirement is waived.**

**ORDERED: 7.**   **Defendant shall pay a special assessment fee of $100 due immediately.**

**ORDERED: 8.**   **Payments made pursuant to the court's judgment shall be applied in the following order:  (i.) special assessment, (ii.) restitution principal.**

**ORDERED: 9.**   **Government's Motion to Dismiss Counts (#38, filed October 4, 2007) is GRANTED.**

**ORDERED: 10.**   **Government's Motion to Award Defendant One Offense Level Reduction in Calculation of Adviroty Sentencing Guideline Range, Pursuant to U.S.S.G.§3E1.1(b) (#37, filed October 4, 2007) is GRANTED.**

**ORDERED: 11.**   **Defendant's Request for Scheduled Restitution (#36, filed October 2, 2007) is DENIED.**

**ORDERED: 12.**   **Plea agreement is accepted.**

Defendant is advised of his right to appeal.

Defendant is remanded to the custody of the United States Marshal for the District of Colorado.

**10:46 a.m.**   Court in recess.

Hearing concluded.

Total time in court:   01:17